UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 11-40027 |
| | ) | |
| RAMON LEOBARDO CELEYA, | ) | <u>Hearing Requested</u> |
| | ) | |
| Defendant. | ) | |

MOTION TO DISMISS FOR IMPROPER VENUE

Now comes the Defendant, RAMON LEOBARDO CELEYA, by his attorney, and pursuant to Rule 12(b)(3), Fed.R.Crim.P., moves this Court for the entry of an Order dismissing the Indictment for improper venue, and in support thereof, states as follows:

1. The Defendant is charged in a one count indictment with the offense of conspiracy to distribute, and to possess with intent to distribute at least 100 kilograms of a mixture and substance containing a detectible amount of marijuana, a Schedule 1 controlled substance, in violation of Title 21, U.S.C., §§ 841(a)(1), 841(b)(1)(B), and 846.

2. Discovery materials furnished to the defense by Government counsel indicate that on September 26, 2010, at 9:30 a.m., the Defendant and his companion (who are both residents of Arizona) were arrested by Illinois State Police Troopers

Thulen, McFall, and Strouss in the parking lot of the Subway Restaurant located at 100 Bestor Drive in Geneseo, Illinois, (just off Interstate 80), following the troopers' warrantless search of the Defendant's motor vehicle and seizure of approximately $69,000.00 in United States Currency located in two separate suitcases in the trunk. No controlled substances, or other form of contraband, was found in the vehicle.

3.  As a result of the Government's continuing investigation of the Defendant and others, the Government's discovery indicates that at the time of the Defendant's arrest in Geneseo, Illinois, the Defendant and his companion were en route from Mt. Vernon, New York, to Tuscon, Arizona, with the proceeds from the sale of 120 pounds of marijuana in the State of New York. The Government's discovery also reveals that the only reason that the Defendant and his companion were present in Geneseo, Henry County, Illinois, on the date of their arrest was that they were traveling westbound in the Defendant's motor vehicle on Interstate 80 through the State of Illinois en route to Tuscon, Arizona, from Mt. Vernon, New York, and that no part of their alleged conspiracy involved their committing any overt or criminal act intending to have any effect in the State of Illinois other than their use of Interstate 80 on said date to travel westbound to their intended destination.

4.  The issue of venue in criminal cases is one of constitutional dimension. Article III of the United States Constitution requires that "[t]he Trial of all

Crimes...shail be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, sec. 2, ci. 3. The Sixth Amendment requires that "...the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed...." U.S. Const. amend. VI.; *United States v. Saavedra*, 223 F.3d 85, 88 (2d Cir. 2000). In addition Rule 18 of the Federal Rules of Criminal Procedure requires that "...the government must prosecute an offense in a district where the offense was committed." Rule 18, Fed.R.Crim.P.

5.  For crimes that occur in more than one state or district, venue is constitutionally and statutorily proper in any district in which part of the crime was committed. Title 18 U.S.C. § 3237(a); *United States v. Tingle*, 183 F.3d 719, 726 (7th Cir. 1999). Thus, the traditional rule is that a conspiracy charge may be tried in any district in which an overt act of the conspiracy occurred. *United States v. Rodriguez*, 67 F.3d 1312, 1318 (7th Cir.1995); *United States v. Molt*, 772 F.2d 366, 369 (7th Cir.1985).

6.  The relevant venue inquiry as to where the crime was committed "...must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Muhammad*, 502 F.3d 646, 652 (7th Cir. 2007)( *citing United States v. Cabrales*, 524 U.S. 1, 6-7 (1998)). This is a model for analysis rather than a rigid test and takes into account the "defendant's acts, the

elements and nature of the crime, the locus and effect of the criminal conduct, and the suitability of each district for suitable fact-finding." *Id.* (*citing United States v. Reed*, 773 F.2d 477, 481 (2nd Cir. 1985)). It is also important to look to where the crime was intended to have consequences. *See Reed*, 773 F.2d at 482 ("[P]laces that suffer the effects of a crime are entitled to consideration for venue purposes. Such districts have an obvious contact with the litigation in their interest in preventing such effects from occurring."); *United States v. Frederick*, 835 F.2d 1211, 1215 (7th Cir. 1987) (in the context of a conspiracy "[p]roper venue is not limited to districts where the defendants were physically present when they committed unlawful acts. **So long as an overt act in furtherance of the conspiracy is intended to have an effect in the district where the case is finally brought, venue is proper.**")(emphasis added).

7. In view of the foregoing principles, it clear that the Central District of Illinois is not the proper venue for the conspiracy charged against this Defendant. There is no evidence that any overt act in furtherance of the alleged conspiracy was committed by this Defendant or any other co-conspirator that was intended to have any effect in the Central District of Illinois. Moreover, the mere fact that this Defendant was arrested in this District while traveling westbound on Interstate 80 en route to Arizona while allegedly transporting the monetary proceeds of a drug marijuana transaction that occurred in New York is not a sufficient contact with the

Central District of Illinois to confer venue here.  That same rationale makes each state along Interstate 80, from New York to California, and each state along Interstates 24, 40, 10, and 8 leading to Tuscon, Arizona, arguably a proper venue. (See attached Exhibit 1).  Therefore, the main question is one of intended effect, which is totally lacking in this District.

8. In support of this motion to dismiss, Defendant incorporates the authorities and reasoning of Chief United States District Judge James Shadid in the order entered July 2, 2012, dismissing the indictment for improper venue in the case of *United States v. Pedro Pereira and Jimmy Pereira*, No. 11-40118, (Cent.Dist.Ill., 7/2/12), a copy of which is attached as Exhibit 2.  Here, just as in that case, it is clear that the conspiracy alleged in the indictment involved the Defendant allegedly transporting marijuana from Arizona to New York for sale, transacting the sale in New York, and transporting the proceeds of the sale back to Arizona. Accordingly, Arizona and New York appear to be the only the venues in which the members of this alleged conspiracy intended to have any effect.  This District has no connection whatsoever with the alleged conspiracy, other than the fact that this Defendant was arrested here while traveling westbound on Interstate 809, and it is clear none of the alleged conspirators intended their conduct or the load of marijuana to have any effect or consequence in the Central District of Illinois.

9. Finally, this District's suitability for fact-finding is limited at best,

5

because neither the Defendant nor any of the alleged co-conspirators ever resided or any conducted illegal activity in this District, nor does this Defendant or any other co-defendant have any contacts with the State of Illinois other than the fact that the Defendant was traveling westbound on Interstate 80 on the date of his arrest while en route to Arizona from New York.

WHEREFORE, for all of the foregoing reasons, Defendant respectfully requests the entry of an Order dismissing the Indictment for improper venue.

RAMON LEOBARDO CELEYA, Defendant

/s/George F. Taseff
Ill. Bar Number: 6180419
Attorney for Defendant
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
FAX:   309/671-7898
Email: george_taseff@fd.org

CERTIFICATE OF SERVICE

      I hereby certify that on July 16, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the filing: Mr. John K. Mehochko, Assistant United States Attorney, 1830 Second Avenue, Suite 320, Rock Island, IL 61201.

      /s/George F. Taseff
      Ill. Bar Number: 6180419
      Attorney for Defendant
      Assistant Federal Public Defender
      401 Main Street, Suite 1500
      Peoria, Illinois 61602
      Phone: 309/671-7891
      FAX:   309/671-7898
      Email: george_taseff@fd.org