UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Crim. No. 11-40027 |
| | ) | |
| RAMON LEOBARDO CELEYA, | ) | <u>Hearing Requested</u> |
| | ) | |
| Defendant. | ) | |

MOTION TO SUPPRESS STATEMENTS

Now comes the Defendant, RAMON LEOBARDO CELEYA, by his attorney, and pursuant to Rule 12(b)(3), Fed.R.Crim.P., moves this Court for the entry of an Order suppressing all statements, communications, admissions, and confessions, whether written or oral, and whether inculpatory or exculpatory, which are alleged to have been made by the Defendant to Agents Clark and Chavira of the Blackhawk Area Task Force at the Geneseo, Illinois Police Department on September 26, 2012, following the Defendant's illegal arrest by the Illinois State Police, and in support thereof, states as follows:

1.  On September 26, 2010, at 9:30 a.m., the Defendant and his companion were stopped, seized, detained, and arrested by Illinois State Police Troopers Thulen, McFall, and Strouss in the parking lot of the Subway Restaurant located at 100 Bestor Drive in Geneseo, Illinois, (just off Interstate 80), following the troopers'

warrantless search of the Defendant's motor vehicle and seizure of approximately $69,000.00 in United States Currency located in two separate suitcases in the trunk. Prior to Defendant's arrest, the troopers found no controlled substances, or other form of contraband, in the vehicle, or on or about the Defendant's person. Nor did the troopers have information that the Defendant and/or his companion had any criminal history or convictions. Finally, prior to Defendant's arrest, Trooper McFall's drug detecting canine, "Rocco," failed to alert on the vehicle following a "canine sniff" of the exterior of the Defendant's vehicle.

2. That the Defendant's seizure, detention and arrest by Troopers Thulen, McFall, and Strouss were without a warrant, and without probable cause or reasonable suspicion that the Defendant had committed or was committing any criminal or motor vehicle offense. *United States v. $506,231.00 in United States Currency*, 125 F.3d 442, 452 (7th Cir. 1997)(the existence of any sum of money, or the method of storing it, standing alone, is not enough to establish probable cause); *United States v. $5,000 in United States Currency*, 40 F.3d 846, 850 (6th Cir.1994); *United States v. $191,910.00 in United States Currency*, 16 F.3d 1051, 1072 (9th Cir.1994); *United States v. Baro*, 15 F.3d 563, 568 (6th Cir.) ("To date, this Court has not held that currency is contraband."), *cert. denied*, 513 U.S. 912, 115 S.Ct. 285, 130 L.Ed.2d 201 (1994); *United States v. $67,220.00 in United States Currency*, 957 F.2d 280, 285 (6th Cir.1992) ("[N]o court yet has held that the presence of a large sum of cash is

sufficient, standing alone, to establish probable cause for forfeiture.").

3. Following the Defendant's arrest, he and his companion were transported to the Geneseo, Illinois Police Department where they were interrogated by Agents Clark and Chavira of the Blackhawk Area Task Force. As a result of questioning by Agents Clark and Chavira, the Defendant is alleged to have made various oral statements which the Government will seek to use as evidence against the Defendant at the trial of this case.

4. That the Defendant's oral statements to Agents Clark and Chavira at the Geneseo Police Department were involuntary and were obtained in violation of the Defendant's rights secured under the Fifth Amendment to the United States Constitution. *Miranda v. Arizona*, 384 U.S. 436 (1966).

5. That all of the statements which the Defendant is alleged to Agents Clark and Chavira were the fruits of the unlawful stop, seizure, arrest and detention of the Defendant's person, and therefore, must be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 479-84 (1963); *Brown v. Illinois*, 422 U.S. 590 (1975); *United States v. Sanchez-Jaramillo*, 637 F.2d 1094, 1099 (7th Cir. 1980).

WHEREFORE, for all of the foregoing reasons, Defendant respectfully requests the entry of an Order the entry of an Order suppressing all statements, communications, admissions, and confessions, whether written or oral, and whether inculpatory or exculpatory, which are alleged to have been made by the Defendant

to Agents Clark and Chavira of the Blackhawk Area Task Force at the Geneseo, Illinois Police Department on September 26, 2012.

RAMON LEOBARDO CELEYA, Defendant

/s/George F. Taseff
Ill. Bar Number: 6180419
Attorney for Defendant
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
FAX:   309/671-7898
Email: george_taseff@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the filing: Mr. John K. Mehochko, Assistant United States Attorney, 1830 Second Avenue, Suite 320, Rock Island, IL 61201.

/s/George F. Taseff
Ill. Bar Number: 6180419
Attorney for Defendant
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
FAX:   309/671-7898
Email: george_taseff@fd.org